IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| SANTIAGO MASON GOMEZ #01852089 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv457 |
| ODUNAY O. KUKU, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Santiago Mason Gomez, an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

I. Plaintiff's Allegations and Procedural History

Plaintiff filed his original complaint and was permitted to proceed *in forma pauperis* in December 2022. (Dkt. ##1, 4.) On December 12, 2022, the Court found Plaintiff's original complaint to be deficient in several respects and ordered him to amend to "stat[e] specific facts to support his claims." (Dkt. #5 at 2.)

Plaintiff filed his amended complaint on January 5, 2022. (Dkt. #11.) Upon review, the Court determined that Plaintiff sued Defendants about separate incidents at three separate prisons without any viable connection between his claims. Accordingly, the Court severed and transferred to the courts with proper venue Plaintiff's claims that arose in the Terrell Unit and the McConnell Unit of the TDCJ. (Dkt. #13.) The only claims remaining before this Court are those arising from the Michael Unit.

Specifically, Plaintiff sues Assistant Warden LaMorris Marshall for allegedly faking Plaintiff's death of Covid-19 in the Michael Unit for the purpose of "feed[ing] [him] to Black inmates," presumably to be killed. (Dkt. #11 at 3.) He alleges that "Huntsville is part of this conspiracy" to have him killed and sues a Ms. Enjosa in Huntsville because "she used her head stg. G.I. authority to set [him] up and have [him] killed." (*Id.*; Dkt. #11-2 at 1.) He seeks "a full pardon and enough money to start [his] life over." (Dkt. #11 at 4.)

Despite having been expressly instructed to "comprehensively set forth Plaintiff's claims" in his amended complaint (Dkt. #5 at 2), Plaintiff also later filed an "Amended Complaint Statement Attachment," which, in the interest of expediency, is liberally considered as part of the amended complaint. (Dkt. #12.)

## II. Legal Standards and Preliminary Screening

Because Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). That statute provides for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id.* (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening

under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a

"formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* Particularly with regard to any claim that defendants have conspired to harm him, a plaintiff must plead specific, non-conclusory facts that establish that there was an agreement among the defendants to violate his federal civil rights. *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004); *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987) (plaintiffs asserting conspiracy claims under Section 1983 must plead the operative facts on which their claim is based; bald allegations that a conspiracy existed are insufficient).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

**III. Discussion and Analysis**

Plaintiff's sole allegation against Defendant Marshall is the following: "Warden said I died of Covid-19 part of this conspiracy, was gonna feed me to Black inmates." (Dkt. #11 at 3.) Couched in the context of Plaintiff's assertion that he has "died on 5 different units, they were using medical to confirm my deaths" (Dkt. #11-2 at 1), Plaintiff's allegation seems plainly delusional and thus subject to dismissal as factually frivolous. *Gary v. U.S. Gov't*, 540 F. App'x 916, 916-918 (11th Cir. 2013) (affirming dismissal of complaint as frivolous where plaintiff alleged that government officials implanted microchips in her body that caused her injury and pain); *see also United States v. Gutierrez*, No. A-09-CR-453-SS, 2011 WL 386784, at *3 (W.D.

Tex. Feb. 3, 2011), *vacated on other grounds*, 443 F. App'x 898 (5th Cir. 2011) (discussing "complexity of [party's] delusional system").

Even if it were plausible that Warden Marshall had falsely claimed that Plaintiff died of Covid-19, Plaintiff does not provide any material facts to support his assertion. He does not say when, or how Defendant Marshall carried out this ruse or how Plaintiff—who is clearly not dead—was harmed by it. Plaintiff insinuates that the false announcement of his death was related to a plan to allow inmates to kill him, but he does not coherently connect those pieces. A claim that prison officials are being deliberately indifferent to an inmate's safety triggers "an extremely high standard to meet," *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), requiring the plaintiff to prove both "a substantial risk of serious harm" and the defendant's knowledge of that risk and failure to take reasonable measures to alleviate it. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff here does not satisfy either prong of that test.

First, Plaintiff's assertions of danger are too vague and incoherent to give anyone notice of the basis of his claim. He indicates that he provided some unspecified "confidential information to stg G.I. Sgt. and safe prison." (Dkt. #11 at 4.) Plaintiff's supplement alleges that he provided this information to officials at the Terrell Unit in July 2021, and that it led to his placement in Offender Protection Investigation and a transfer to another prison. (Dkt. #12 at 1–2.) His pleadings generally indicate that both TDCJ employees and inmates want him to be killed for providing that information. But he does not identify any particular inmates, either by name or group, who pose a risk to him, beyond the insinuation that all Black inmates want to kill him because the information he provided "sent a whole Black family to prison." (Dkt. #12 at 4.) He does not specifically allege that anyone has ever actually threatened him or tried to harm him or plausibly explain why Marshall or Enjosa would bear homicidal animosity against him for providing information about

5

other inmates. Plaintiff's intimation that Marshall wants to have him killed simply because Marshall is Black calls for a totally unwarranted factual inference, which the Court is not required to accept. (*See* Dkt. #12 at 4.)

Plaintiff repeatedly asserts that there is some department-wide conspiracy to harm him, but he does not assert any specific facts as required to support that claim. *See Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004); *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987) (plaintiffs asserting conspiracy claims under Section 1983 must plead the operative facts on which their claim is based; bald allegations that a conspiracy existed are insufficient). Plaintiff's unsubstantiated belief that staff have conspired to harm or mistreat him does not satisfy that standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) ("It is the conclusory nature of respondent's allegations . . . that disentitles them to the presumption of truth."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2000) (holding that conspiracy claim did not require "detailed factual allegations" but must be supported "with enough factual matter (taken as true) to suggest that an agreement was made"); *Parker v. Currie*, 359 F. App'x 488, 490 (5th Cir. 2010) (holding that prisoner's speculation that his injuries were "orchestrated by prison officials . . . without additional support, calls for dismissal). Plaintiff insists that phone recordings and other evidence will support his claim, but he does not specify the facts that evidence would support or indicate how he knows those facts, beyond his own speculation or assumptions.

Plaintiff also does not explain what role Defendant Marshall would have personally had in declaring him dead of Covid or state what specific action Enjosa has taken or failed to take that violated his rights. To the extent Plaintiff sues them simply because of their positions of authority in the TDCJ, lawsuits against supervisory personnel based on their positions of authority are claims of liability under the doctrine of *respondeat superior*, which does not generally apply in Section 1983 cases. *Williams v. Luna*, 909 F.2d 121 (5th Cir. 1990). A supervisor may be held liable under

6

Section 1983 only if he is personally involved in a constitutional deprivation, a causal connection exists between the supervisor's wrongful conduct and a constitutional deprivation, or if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind a constitutional deprivation. *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987). Plaintiff does not allege any facts that would support liability under any of these theories in this case.

Finally, although Plaintiff seeks a pardon and unspecified money to begin a life outside of prison, the Fifth Circuit has held that pardon and commutation decisions are not traditionally the business of courts and are subject to the ultimate discretion of the executive power. *Faulder v. Texas Board of Pardons and Paroles*, 178 F.3d 343, 344 (5th Cir. 1999). Accordingly, even if Plaintiff stated a claim for which relief could be granted, the relief he seeks is not within the Court's power to grant.

**IV. Conclusion**

For the reasons set forth above, Plaintiff's amended complaint is frivolous and fails to state a claim for which relief can be granted. Dismissal is appropriate where Plaintiff has already been given a chance to cure his deficiencies but still fails to state a viable claim. *See Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (holding that "once given adequate opportunity, even a *pro se* complaint must contain specific facts supporting its conclusions"); *Garcia v. City of Lubbock, Texas*, 487 F. Supp. 3d 555, 566 (N.D. Tex. 2020) (dismissing where inmate had "already amended his complaint once" and been afforded "an opportunity to further flesh out his claims").

<u>RECOMMENDATION</u>

Accordingly, the undersigned recommends that Plaintiff's lawsuit be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 12th day of January, 2023.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE